NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 12, 2008[*]
Decided March 13, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-3264

| | |
|---|---|
| LINDA S. ZEHRUNG, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianappolis Division. |
| *v.* | |
| | No. 1:04-cv-0056-RLY-WTL |
| UNITED AUTO WORKERS LOCAL 663, | |
| *Defendant-Appellee*. | Richard L. Young, |
| | *Judge*. |

**O R D E R**

Linda Zehrung worked for United Auto Workers Local 663 as a janitor.  After she failed to return to work within five days following the end of her sick leave, Local 663 fired her.  Zehrung sued Local 663 alleging, among other things, that she was fired for exercising

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  Fed. R. App. P. 34(a)(2).

her right to health insurance and disability benefits in violation of Section 510 of the Employee Retirement Income Security Act. 29 U.S.C. § 1140. The district court granted summary judgment for the defendants and Zehrung appeals. We affirm.

Zehrung began working as a full-time janitor for Local 663 in 1986. Her employment was covered by the collective bargaining agreement between Local 663 and the Office of Professional Employees International Union (OPEIU). In late 2002 Local 663 began to suffer financial problems and reduced the janitor position to part-time. The change resulted in a reduction of benefits, including the elimination of sick-leave benefits. Local 663 nevertheless allowed Zehrung, who was on sick leave at the time, to continue to receive benefits for her then-current sick leave. While Zehrung was on sick leave, her claim for short-term disability benefits was denied. Still, Local 663 allowed Zehrung to remain on sick leave, without benefits, after Zehrung's doctor submitted a letter stating that Zehrung was too ill to return to work.

In September 2003 Zehrung's doctor wrote that she would be able to return to work on "Approx 10-22-2003." Local 663 continued her sick leave until October 22, 2003, when she was expected to return to work. But she did not show up at work on October 22, 2003, nor did she contact Local 663 to explain her absence. The collective bargaining agreement between OPEIU and Local 663 required that an employee lose seniority for "Failure to report to work within five (5) working days following termination of leave-of-absence." When Zehrung had still not returned to work as of October 28, 2003, Local 663 notified OPEIU that Zehrung had lost seniority and would be terminated as required by the collective bargaining agreement. The next day, Zehrung's doctor faxed a new disability form to Local 663 stating that Zehrung's sick leave should be continued until November 23, 2003. Local 663, however, disregarded this notice because it had already determined that Zehrung had violated the collective bargaining agreement. OPEIU filed a grievance against Local 663 on behalf of Zehrung, and the arbitrator found in favor of Local 663.

Zehrung then filed suit in the district court, alleging in her amended complaint that Local 663 terminated her employment in violation of Section 510 of ERISA. Local 663 moved for summary judgment, submitting, among other things, the declaration of the President of Local 663 establishing that he terminated Zehrung's employment due to her failure to return to work within five days of the end of her sick leave. In accordance with local rules of the Southern District of Indiana, Local 663 informed Zehrung that Local Rule 56.1 required her to submit a statement of genuine issues of fact in response to its motion for summary judgment.

Zehrung responded to Local 663's motion for summary judgment by filing an "Appendix of Declarations and Exhibits." This appendix included, among other things, the

declaration of Carla Winstead, an elected official for OPEIU, stating that Local 663 used the wrong date to start counting the five days following the end of her sick leave. According to Winstead, this would make Zehrung's submission of her doctor's extension of her sick leave, dated October 29, 2003, timely for continuing her leave. Zehrung did not, however, submit a statement of genuine issues of material fact as required by Local Rule 56.1.

The district court granted summary judgment for Local 663. The court reasoned that Local 663 had a legitimate, non-pretextual reason for terminating Zehrung that was not related to her benefits, and therefore summary judgment was appropriate. In granting summary judgment, the district court accepted Local 663's statement of undisputed facts as true because Zehrung failed to comply with Local Rule 56.1.

Before we can address the district court's grant of summary judgment, we must first determine whether the district court abused its discretion when it deemed admitted Local 663's statement of material facts. We have repeatedly held that local rules may be strictly enforced, and a district court does not abuse its discretion when imposing a penalty for a party's non-compliance with local rules. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 810 (7th Cir. 2005). Local 663 advised Zehrung in writing of the consequences of not complying with Local Rule 56.1, and the magistrate judge reiterated the importance of compliance to Zehrung in person. And so, we conclude the district court did not abuse its discretion in strictly applying Local Rule 56.1, and we limit our review to defendant's statement of facts not in dispute, though we still construe those facts in the light most favorable to Zehrung.

Turning to the merits of the appeal, we review a grant of summary judgment de novo, drawing all inferences in favor of the non-moving party. *See Breneisen v. Motorola, Inc.*, 512 F.3d 972, 977 (7th Cir. 2008). Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Zehrung claims that Local 663 violated Section 510 of ERISA when it terminated her employment because it did so, according to Zehrung, for the purpose of preventing her from taking advantage of disability benefits she would otherwise have had available. Section 510 of ERISA makes it unlawful for an employer to discharge employees for exercising their right to benefits. 29 U.S.C. § 1140. To prevail under Section 510, the employee must prove the employer had the requisite specific intent, in other words, that the adverse employment action was executed for the purpose of depriving the employee of benefits. *See Isbell v. Allstate Ins. Co.*, 418 F.3d 788, 796 (7th Cir. 2005). Our inquiry ends, however, when a defendant proffers a legitimate reason for the employment action that is

unrelated to depriving the employee of benefits, unless the employee can show that the proffered reason is a pretext for improperly denying benefits. *See id.*

Local 663 contends that it fired Zehrung due to her failure to report to work within five days following the termination of her sick leave, per the collective bargaining agreement. Because Zehrung did not comply with Local Rule 56.1, we are limited to Local 663's version of undisputed facts. As Local 663's explanation is a legitimate basis for terminating Zehrung's employ, unrelated to depriving her of benefits, the district court properly granted summary judgment because Zehrung offered no evidence showing this was pretextual. *See Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 296 (7th Cir. 1998) (holding summary judgment properly granted on Section 510 claim where defendant argued it terminated employee for excessive absenteeism and tardiness). Even if the district court had addressed Zehrung's version of the facts, summary judgment still would have been appropriate. Zehrung contended that Local 663 miscounted the days following the end of her sick leave and argues that she submitted her medical form in time to extend her sick leave. But this argument establishes only that Local 663 may have made a mistake; it does not suggest that the proffered reason for terminating Zehrung was a lie or pretextual. *See Bannon v. Univ. of Chicago*, 503 F.3d 623, 631-32 (7th Cir. 2007).

AFFIRMED.